**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**(at Lexington)**
**Civil Action No. _____**

**JASON E. DUCKWORTH, Individually**
**and on Behalf of All Others Similarly**
**Situated,**                                                                    **PLAINTIFF**


**V.**

**CLASS ACTION COMPLAINT**


**WAL-MART STORES, INC.,**

     *Serve:* CT Corporation System
            306 W. Main St., Suite 512
            Frankfort, KY 40601

**WAL-MART STORES EAST, L.P.,**

     *Serve:* CT Corporation System
            306 W. Main St., Suite 512
            Frankfort, KY 40601

                                          **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

## INTRODUCTION

1.     Plaintiff Jason E. Duckworth, by Counsel, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P., (collectively "Defendants"), and upon information and belief and investigation of counsel, state as follows:

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (d) of The Class Action Fairness Act because the matter in controversy exceeds the sum or value of

$5,000,000 exclusive of interest and costs and because Plaintiffs and Defendants are residents of different states and/or foreign states.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), (b) and/or (c), because Plaintiffs suffered injuries as a result of Defendants' acts in this District, a substantial number of the events giving rise to this Complaint occurred in this District, and Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets of this District by conducting business in this District and contracting to supply goods in this District.

4.     This Court has personal jurisdiction over Defendants because the events giving rise to this cause of action took place in this District, Defendants have sufficient minimum contacts with this District, and/or otherwise intentionally and purposefully availed themselves of the privilege of conducting business in the Commonwealth of Kentucky and by placing products into the stream of commerce, including the Mainstays patio set at issue in the instant matter, deriving substantial revenue from goods sold and used in the Commonwealth of Kentucky, and by advertising their products and establishing retail facilities within the Commonwealth of Kentucky. Accordingly, the exercise of personal jurisdiction over Defendants complies with judicial notions of fair play and substantial justice.

## NATURE OF THE CASE

5.     This is a Class Action Complaint against Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P., (hereinafter "Wal-Mart" or "Defendants"), for damages and injunctive relief arising from Defendants' violations of Kentucky law, including the Product Liability Act of Kentucky, KRS § 411.30 *et seq*., the Kentucky Consumer Protection Act, KRS § 367.170 *et seq*.,

as well as analogous common and products liability protection laws in each state in which they operate.

6.      In addition, Plaintiff has personal injuries and brings a claim for his individual physical injuries.

7.      The subject matter of this action is a Mainstays six-piece patio set designed, manufactured, marketed, sold and warranted to the general public by Wal-Mart online and in its stores throughout Kentucky and the United States.

8.      Plaintiff and members of the proposed class include owners of a Mainstays six-piece patio set at issue in this Complaint, containing an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to finger amputation.

9.      Defendants knew or should have known the Mainstays patio set was inherently defective in design and/or manufacturing, was not fit for their intended and ordinary use, was not merchantable, and failed to perform in accordance with the advertisements, marketing materials and warranties disseminated by Defendants, or with the reasonable expectations of ordinary consumers such as the Plaintiff and the proposed class.

10.     In fact, Defendants Wal-Mart recalled a reported 73,000 units of Mainstays five-piece card table and chair set, nearly identical to the patio set at issue in this Complaint and also manufactured by Defendants because the chairs could suddenly and unexpectedly collapse. According to the U.S. Consumer Product Safety Commission (CPSC), "The chairs can collapse unexpectedly, posing a fall hazard and a risk of finger injury, including finger amputation."[1] Walmart issued the recall after receiving adverse event reports of injuries from collapsing chairs,

---

[1] https://www.cpsc.gov/th/recalls/2014/walmart-recalls-card-table-and-chair-sets

including those involving finger amputation, three fingertip amputations, sprained or fractured fingers and one report of a sore back. At the time of the recall, Wal-Mart issued a statement that "customer safety is always a top priority."[2]

11.    As a result of Defendants' inherently defective and extremely dangerous Mainstays patio set, which remains on the market and for sale to the general public, Plaintiff and members of the proposed class have suffered and continue to suffer damages from Defendants' sale of an unsafe product in violation of Kentucky law, the Kentucky Consumer Protection Act, KRS § 367.170 *et seq.*, including through the dissemination of unfair and/or deceptive acts or practices, failing to disclose the dangers of the product as known to Defendants, and failing to adequately and fully compensate consumers for the harms suffered, as well as analogous common and products liability protection laws in each state in which they operate.

## PARTIES

12.    Plaintiff Jason Duckworth is a citizen of the State of Kentucky, residing in Georgetown, which lies in Scott County, Kentucky.

13.    Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Benton, Arkansas, and is registered to do business in Kentucky.

14.    Defendant Wal-Mart Stores East, L.P. is a Delaware limited partnership with its principal place of business in Benton, Arkansas, and is registered to do business in Kentucky.

15.    Defendants offers the product at issue for retail sale online, at its store located in Georgetown, Scott County, Kentucky (Store #571), and at stores throughout Kentucky and the United States.

## FACTS

---

[2] http://www.cnsnews.com/mrctv-blog/craig-bannister/finger-amputating-card-table-set-recalled-walmart

16.     On or about 2014, Plaintiff Jason Duckworth visited the Wal-Mart Supercenter, store #571, on Osbourne Way in Georgetown, Kentucky to purchase a Mainstays six-piece patio set.

17.     At the time of the purchase, Plaintiff was unaware of any recalls involving Mainstays table and chair sets, nor was he made aware of any defective conditions or injuries involving Mainstays table and chair sets.

18.     Plaintiff returned to his home on Agena Road in Georgetown, Kentucky where he assembled the Mainstays six-piece patio set according to the exact specifications set forth in the enclosed instruction manual.

19.     On or about April 16, 2016, Plaintiff was seated in one of the chairs from the Mainstays patio set when, unexpectedly, a section of the back support broke in half, causing the chair to fold up while Plaintiff remained in a seated position. As the chair collapsed, Plaintiff's left ring finger became trapped in the folding metal, amputating a portion of his finger as Plaintiff fell to the ground.

20.     Plaintiff immediately sought emergency medical treatment at the Georgetown Community Hospital in Georgetown, Kentucky. Unfortunately, the treating physician determined that Mr. Duckworth's finger could not be reattached due to the nature of the injury, despite Mr. Duckworth's attempts at preserving his severed finger.

21.     Plaintiff Duckworth and members of the proposed class bring this action against Defendants to obtain relief, including damages, restitution, and injunctive relief, and demand a trial by jury.

## CLASS ALLEGATIONS

22.     A class action is the proper form to bring Plaintiffs' claims under FRCP 23. The potential class is so large that joinder of all members would be impracticable. Additionally, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

23.     This action satisfies all requirements of FRCP 23(a), (b)(1), and (b)(3), including numerosity, commonality, typicality, adequacy, predominance, and superiority.

24.     **Numerosity and Ascertainability:** the Class is so numerous that joinder of all members is impracticable. While the exact number is unknown at this time, it is generally ascertainable by appropriate discovery, and based upon the Defendants' sales volume, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. Defendants recalled nearly identical table sets manufactured between May 2013 through November 2013. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

25.     **Commonality:** the claims made by Plaintiffs meet the commonality requirement because they present shared questions of law and fact, and resolving these questions will resolve the classwide litigation. Resolution of common questions of law and fact will not turn on the individual behavior of members of the class, but on the Defendants' standardized conduct. These shared questions predominate over individual questions, and they include, without limitation:

    a.   Whether the Mainstays six-piece patio set is defective;

    b.   Whether Defendants knew or should have known the Mainstays six-piece patio set was defective;

6

    c.   Whether Defendants had a duty to design, manufacture, distribute and sell the Mainstays six-piece patio set such that it was neither defective, nor unreasonably dangerous when used as intended;

    d.   Whether Defendants failed to take the steps necessary to ensure the Mainstays six-piece patio set was not defective;

    e.   Whether Defendants owed duties to Plaintiff and the proposed class, the scope of those duties, and if they breached those duties;

    f.   Whether Defendants made warranties to Plaintiff and the proposed class, the scope of those warranties, and if they breached those warranties;

    g.   Whether Defendants violated the Product Liability Act of Kentucky, KRS § 411.30 *et seq*.;

    h.   Whether Defendants violated the Kentucky Consumer Protection Act, KRS § 367.170 *et seq*.;

    i.   Whether Defendant's conduct constitutes violation of the law asserted herein;

    j.   The extent of damages caused by Defendants' acts, and whether Plaintiff and the proposed class are entitled to injunctive or declaratory relief.

26.    **Typicality:** Plaintiff's claims are typical of those of the other class members because Plaintiff, like every other class member, has been damaged by Defendants' conduct because he incurred losses and injuries relating to the purchase of the Mainstays six-piece patio set and was damaged by Wal-Mart's violation of the Kentucky Consumer Protection Act. Further, the factual bases of Defendants' misconduct are common to all class members and represent a common thread of misconduct resulting in injury to all class members.

27.     The claims of the Class Representative Plaintiff is furthermore typical of other class members because Plaintiff makes the same claims as other class members. Plaintiff has interest in seeking compensation from Defendants.

28.     **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the class because Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other class members. Plaintiff seeks no relief that is antagonistic or adverse to the members of the class and the damages he has suffered are typical of other class members. Further, Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions, including actions involving unfair, false, misleading and deceptive advertising. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.

29.     **Superiority:** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved as Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate their claims against Defendants, including Wal-Mart, which is the largest retailer in the world. Further, even for those class members who could afford to litigate such a claim, it would remain an economically impractical alternative. Class action treatment will achieve one the primary purpose of the class action

mechanism, enhancing the efficacy of private actions by permitting citizens to combine their limited resources to achieve a more powerful litigation posture.

30.     The nature of this action and the nature of Kentucky law and consumer protection and product liability laws available to Plaintiff and the class members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the class members for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiffs were exposed to an inherently defective and extremely dangerous product resulting in injuries and damages is representative of that experienced by class members and will establish the right of each member of the class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

31.     The proposed class is described as follows:

> **All persons residing in Kentucky ("Kentucky Class") and/or the United States ("Nationwide Class") who purchased a Mainstays six-piece patio set from Wal-Mart through its website or in stores from May 2013 to the present.**

32.     Plaintiff reserves the right to modify or amend the definition of the proposed class if discovery and further investigation reveals that the class should be expanded, divided into additional subclasses or modified in any other way.

33.     Plaintiff will fairly and adequately protect the interests of the class. The interests of the class representative are consistent with those of the other members of the class. In addition,

Plaintiff is represented by experienced and able counsel who have expertise in the areas of tort law, trial practice, and class action representation.

34.   The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

35.   Class-wide declaratory, equitable, and injunctive relief is appropriate pursuant to Rule 23(b)(1) and/or (b)(2) because Defendants have acted on grounds that apply generally to the Class, and inconsistent adjudications with respect to Defendants' liability would establish incompatible standards and substantially impair or impede the ability of Class Members to protect their interests. Class-wide relief assures fair, consistent and equitable treatment and protection of all Class Members, and uniformity and consistency in Defendants' duties to perform corrective action.

36.   Excluded from the class are:

a.   Defendants and any entities in which Defendants have controlling interest;

b.   Any entities in which Defendants' officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendants;

c.   The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

d.   All persons or entities that properly execute and timely file a request for exclusion from the class;

e.   Any attorneys representing the Plaintiff or the class.

**FIRST CAUSE OF ACTION**
**VIOLATION OF KY. REV. STAT. § 367.170,** *et seq.*
**THE KENTUCKY CONSUMER PROTECTION ACT**

37.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

38.    At all times relevant, Defendants violated the Kentucky Consumer Protection Act KRS. § 367.170, *et seq.* ("KCPA"), by the use of false or misleading representations or omissions of material fact in connection with the marketing, promotion and sale of Mainstays six-piece patio set.

39.    Plaintiff and members of the proposed class are consumers, purchasers or other persons entitled to the protection of the KCPA.

40.    The KCPA declares that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful. Defendants violated the KCPA in the manner described above, including by the use of false or misleading representations or omissions of material fact in connection with the marketing, promotion and sale of Mainstays six-piece patio sets to consumers.

41.    By reason of reason of such violations and pursuant to the KCPA and other relevant consumer protection laws, Plaintiff and members of the proposed class are entitled to recover all of the monies paid for the defective products, to be compensated for the lost value arising out of the use of the product; and to recover any and all consequential damages recoverable under the law including, but not limited to, exposure to a dangerous and defective product, medical expense, both past and future lost wages, and other losses.

42.    Privity existed between Plaintiff and Defendants, and between class members and Defendants.

43.    In connection with the sale of the defective product to both Plaintiff and members of the proposed class, Defendants, through their employees, agents and representatives, violated the KCPA by engaging in unfair or deceptive acts or practices; failing to disclose the dangerous

design and/or manufacturing defect of the product, and failing to adequately and fully compensate consumers.

44.     As a direct and proximate result of unfair and/or deceptive acts or practices, Plaintiff and members of the proposed class were damaged and suffered injuries resulting from the dangerous design and/or manufacturing defect of the product described herein.

45.     Plaintiff and members of the proposed Class are entitled to equitable relief, including restitutionary disgorgement of monies unfairly, deceptively and/or unlawfully collected by Defendants and an injunction prohibiting Defendants from engaging in the same or similar practices described herein in the future.

46.     Pursuant to the KCPA, Plaintiff and members of the class are entitled to compensatory damages, treble damages, attorneys' fees and costs of this suit.

### SECOND CAUSE OF ACTION
### VIOLATION OF STATE CONSUMER
### PROTECTION STATUTES

47.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

48.     Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection statutes listed below. The direct and proximate result of Defendants' misrepresentations and unlawful course of conduct was the inducement of Plaintiff and members of the class to purchase an inherently defective and dangerous Mainstays six-piece patio set from Defendants.

49.     In connection with the sale of the defective product to both Plaintiff and members of the proposed class, Defendants, through their employees, agents and representatives, violated state consumer protection statutes by engaging in unfair or deceptive acts or practices; failing to

disclose the dangerous design and/or manufacturing defect of the product, and failing to adequately and fully compensate consumers.

50.     Defendants intended that Plaintiff and members of the proposed class would rely on their materially deceptive practices; and that Plaintiff and members of the proposed class would purchase Mainstays six-piece patio sets from Defendants as a consequence of the deceptive practices, including Defendants' misrepresentations and omissions of material facts, including but not limited to the safety of the product for its intended use. Plaintiff and members of the proposed class were deceived by Defendants' misrepresentations, which constitute unfair and deceptive acts and practices.

51.     As a direct and proximate result of unfair and/or deceptive acts or practices, Plaintiff and members of the proposed class suffered an ascertainable loss, in that the paid for a product that they would not have purchased had Defendants not engaged in unfair and deceptive conduct. Plaintiffs were damaged and suffered injuries resulting from the dangerous design and/or manufacturing defect of the product described herein. This injury is of the type the state consumer protection statutes were designed to prevent and directly results from Defendants' conduct.

52.     Under the statutes listed herein to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices, Defendants are the suppliers, designers, manufacturers, advertisers and sellers that are subject to liability for unfair, deceptive, fraudulent and unconscionable consumer sales practices.

53.     By engaging in the foregoing conduct, Defendants have violated the following States' Unfair and Deceptive Trade Practices and Consumer Fraud Laws:

   a.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, et seq.;

b.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, et seq.;

c.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ARK. CODE ANN. § 4-88-101, et seq.;

d.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, et seq.;

e.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of COLO. REV. STAT. § 6-1-105, et seq.;

f.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of CONN. GEN. STAT. § 42-110b, et seq.;

g.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, et seq.;

h.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. CODE ANN. § 283901, et seq.;

i.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, et seq.;

j.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392, et seq.;

k.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. § 480, et seq.;

l.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601, et seq.;

m.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. § 24-5-0.5-1, et seq.;

n.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, et seq.;

o.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. § 367.110, et seq.;

p.  Defendants have engaged in unfair competition or unfair deceptive acts or practices in violation of LSA-R.S. 51:1401, et. seq.;

q.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, et seq.;

r.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. COM. LAW CODE § 13-101, et seq.;

s.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, et seq.;

t.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, et seq.;

u.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 8.31, et seq.;

v.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MO. REV. STAT. § 407.010, et seq.;

w.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, et seq.;

x.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, et seq.;

y.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, et seq.;

z.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A: 1, et seq.;

aa. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M Stat.§ 57-12-1, et seq.;

bb. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y . Gen. Bus. Law § 349, et seq.;

cc. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, et seq.;

dd. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. CENT. CODE § 51-15-01, et seq.;

ee. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, et seq.;

15

ff. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. 15 § 751, et seq.;

gg. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT. § 646.605, et seq.;

hh. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of PA. CONS. STAT. § 201-1, et seq.;

ii. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN LAWS § 6-13.1-1, et seq.;

jj. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, et seq.;

kk. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, et seq.;

ll. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, et seq.;

mm. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

nn. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, et seq.;

oo. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451 et seq.;

pp. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, et seq.;

qq. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, et seq.;

rr. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, et seq.;

ss. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of WIS. STAT § 100.18, et seq.; and

tt. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of WYO. STAT. ANN § 40-12-101, et seq.

54.    As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiffs and members of the class are entitled to compensatory damages, treble damages, attorneys' fees and costs of this suit.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF UNIFORM DECEPTIVE TRADE PRACTICES ACTS
### (Plaintiff Individually and on Behalf of the Class)

55.    Plaintiff repeats, reallege and incorporate by reference each of the foregoing allegations as though fully set forth herein.

56.    Plaintiff asserts this claim for violations of the Uniform Deceptive Trade Practices Act ("UDTPA"), which prohibits "[r]epresenting that goods … have sponsorship, approval, characteristics, … uses, [or] benefits … that they do not have," on behalf of a subclass composed of all Class members who reside in the twenty-three states who have enacted these provisions of the UDTPA.

57.    Defendants engaged in deceptive trade practices in violation of the twenty-three state consumer protection statutes that incorporate the provisions of the UDTPA quoted above by, inter alia, failing to provide a product free from inherent defect; failing to properly warn consumers of the inherent dangers of the product; inadequately testing the product before placing the product into interstate commerce; failing to provide a product that would meet the reasonable expectations of the ordinary consumer as to its safety. The Mainstays patio set was under the exclusive control of Defendants prior to sale and Defendants had a duty to warn purchasers of the dangers posed by the product in an effective manner.

58.    The kinds of harms that befell Plaintiff and members of the proposed class were foreseeable results of the defects in the product as alleged herein. Neither Plaintiff nor members of the proposed class had any reason to know, prior to or at the time of purchase, or at any time

prior to their injuries, that the Mainstays patio set alleged herein was defective, harmful and dangerous to consumers.

59. Defendants have violated the deceptive trade practices statutes of the following states that incorporate the provisions of the UDTPA quoted above, as follows:

a. Defendants have engaged in deceptive trade practices in violation of Ala. Code § 8-19-5, et seq.;

b. Defendants have engaged in deceptive trade practices in violation of Alaska Stat. § 45.50.471, et seq.;

c. Defendants have engaged in deceptive trade practices in violation of Cal. Civ. Code § 1770 et seq.;

d. Defendants have engaged in deceptive trade practices in violation of 6 Del. C. § 2532, et seq.;

e. Defendants have engaged in deceptive trade practices in violation of Ga. Code Ann. §§ 10-1-372, et seq. 10-1-393, and 26-2-29 et seq.;

f. Defendants have engaged in deceptive trade practices in violation of Haw. Rev. Stat. § 481A-3, et seq.;

g. Defendants have engaged in deceptive trade practices in violation of Idaho Code § 48-603 et seq.;

h. Defendants have engaged in deceptive trade practices in violation of 815 Ill. L.C.S. § 510/2 et seq.;

i. Defendants have engaged in deceptive trade practices in violation of 10 Me. Rev. Stat. Ann. § 1212, et seq.;

j. Defendants have engaged in deceptive trade practices in violation of Mich. Comp. L. Ann. § 445.903 et seq.;

k. Defendants have engaged in deceptive trade practices in violation of Minn. Stat. Ann. § 325D.44 et seq.;

l. Defendants have engaged in deceptive trade practices in violation of Miss. Code Ann. § 75-24-5 et seq.;

m. Defendants have engaged in deceptive trade practices in violation of Neb. Rev. Stat. §§ 81-2,285 et seq. and 87-302 et seq.;

n. Defendants have engaged in deceptive trade practices in violation of N.H. Rev. Stat. § 358-A:2 et seq.;

o. Defendants have engaged in deceptive trade practices in violation of N.M. Stat. Ann. § 57-12-2 et seq.;

p. Defendants have engaged in deceptive trade practices in violation of Ohio Rev. Code § 4165.02 et seq.;

q. Defendants have engaged in deceptive trade practices in violation of Or. Rev. Stat. § 646.608 et seq.;

r. Defendants have engaged in deceptive trade practices in violation of 10 Penn. Stat. § 162.15 et seq. and 73 Penn. Stat. § 201-2 et seq.;

s. Defendants have engaged in deceptive trade practices in violation of R.I. Gen. Laws § 6-13-1.1 et seq.;

t. Defendants have engaged in deceptive trade practices in violation of Tenn. Code Ann. § 47-18-104 et seq.;

u. Defendants have engaged in deceptive trade practices in violation of Tex. Bus. & Comm. Code § 17.46, et seq.;

v. Defendants have engaged in deceptive trades practices in violation of Utah Code § 13-11a-3 et seq.;

w. Defendants have engaged in deceptive trade practices in violation of W.Va. Code § 46A-6-102 et seq.;

60. As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff and members of the class are entitled to compensatory damages, treble damages, attorneys' fees and costs of this suit.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE
#### (Plaintiff Individually and on Behalf of the Class)

61. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

62.     Defendants owed a duty of care to Plaintiff and the proposed class to design, manufacture, distribute and sell the Mainstays six-piece patio set so that it was neither defective, nor unreasonably dangerous when put to its intended use, to warn of any post-sale defects discovered in their products, and recall dangerous products. Defendants owed duties to Plaintiff and members of the proposed class as purchasers to use reasonable care to provide true, reliable, and safe information regarding the Mainstays six-piece patio set.

63.     Defendants knew or had reason to know that Plaintiff and the proposed class, as consumers and members of the general public for whom the Mainstays patio set alleged herein was placed into interstate commerce, would be likely to use the chair in the manner described herein.

64.     Defendants knew or reasonably should have known of the danger associated with the manner and circumstances of Plaintiff and the proposed class's foreseeable use of the Mainstays patio set alleged herein, which danger would not be obvious to the general public.

65.     Defendants breached this duty by selling the Mainstays patio set alleged herein with an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to finger amputation.

66.     As a direct and proximate result of the Defendants' acts and/or omissions, Plaintiff and members of the proposed class have suffered injuries, damages and losses as alleged in this Complaint.

67.     Defendants' acts and/or omissions were intentional, fraudulent, malicious, or reckless and, thereby, Plaintiff and members of the proposed class are entitled to an award of exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
## OF MERCHANTABILITY
### (Plaintiff Individually and on Behalf of the Class)

68.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

69.     Plaintiff and members of the proposed class have suffered injury in fact and lost monies or property as a result of Defendants' conduct because they purchased Defendants' dangerous and defective product.

70.     A product breaches the implied warranty of merchantability if it is not fit for the ordinary purposes for which such goods are used.

71.     To be fit for ordinary purposes, products must fulfill that purpose in a reasonably safe manner. Defendants' product does not achieve its ordinary purposes because it contains an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to finger amputation, and no consumer would use the product as a result of the defect.

72.     Plaintiff and members of the proposed class have incurred damages as a direct and proximate result of Defendants' defective product and Defendants' breach of implied warranty of merchantability, in that Plaintiff and each member of the proposed class have paid the purchase price for the un-merchantable product.

73.     Plaintiff and members of the proposed class are entitled to a refund of the purchase price paid for the product, consequential and incidental damages, costs and expenses, including attorney fees, an injunction prohibiting Defendants from continuing such practices, and all other relief this Court deems appropriate.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT
### (Plaintiff Individually and on Behalf of the Class)

74.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

75.     Plaintiff and members of the proposed class conferred a benefit on Defendants by paying money for the Mainstays patio set as described in this Complaint.

76.     Defendants have been unjustly enriched in retaining the revenues derived from money paid by Plaintiff and members of the proposed class, who did not receive the goods for which they paid. Retention under these circumstances is unjust and inequitable because Defendants misrepresented the facts concerning the product, its safety, uses, and warnings associated with the product.

77.     Plaintiff and members of the proposed class were injured as a direct and proximate result of Defendants' misrepresentations and omissions, unfair and deceptive practices, because they paid for a product for which they did not receive the benefit, and for which they would not have paid had they known the true facts. Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiff and members of the proposed class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the proposed class for their unjust enrichment, as ordered by this Court.

## SEVENTH CAUSE OF ACTION
### NEGLIGENCE
### (Plaintiff Individually)

78.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

79.     Defendants owed a duty of care to Plaintiff to design, manufacture, distribute and sell the Mainstays six-piece patio set so that it was neither defective, nor unreasonably dangerous

when put to its intended use, to warn of any post-sale defects discovered in their products, to recall dangerous products, and to ensure the patio set did not cause personal injury to the Plaintiff.

80.     Defendants knew or had reason to know that Plaintiff, as a consumer for whom the Mainstays patio set alleged herein was placed into interstate commerce, would be likely to use the chair in the manner described herein.

81.     Defendants knew or had reason to know of the danger associated with the manner and circumstances of Plaintiff's foreseeable use of the Mainstays patio set alleged herein, which danger would not be obvious to the Plaintiff.

82.     Defendants breached this duty by selling the Mainstays patio set alleged herein with an extremely dangerous design and/or manufacturing defect that causes the patio set chairs to collapse unexpectedly, resulting in a fall hazard and physical injury, including but not limited to finger amputation.

83.     As a direct and proximate result of the Defendants' acts and/or omissions, Plaintiff has suffered injuries, damages and losses as alleged in this Complaint, including the amputation of a portion of Plaintiff's left ring finger.

84.     Defendants' acts and/or omissions were intentional, fraudulent, malicious, or reckless and, thereby, Plaintiff is entitled to an award of exemplary and punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF KENTUCKY PRODUCT LIABILITY ACT
### (Plaintiff Individually)

85.     Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

86.     Plaintiff brings his claim for relief against Defendants under Kentucky's Product Liability Act, KRS § 411.300, *et seq.*

87.     Defendants manufactured, distributed and sold the product at issue, a Mainstays six-piece patio set sold by Wal-Mart, as part of the company's Home proprietary brand portfolio, for retail sale to the general public.

88.     Defendants are the "manufacturers" of the Mainstays six-piece patio set because they are engaged in the business of constructing, designing, manufacturing and/or assembling the product. Defendant manufactured, assembled, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, serviced, recommended, marketed, supplied, promoted, and sold the subject Mainstays six-piece patio set that was sold to Plaintiff and members of the proposed class. The product was intended by Defendant to be used in the manner used by Plaintiff and members of the proposed class.

89.     Defendants are liable for the Mainstays six-piece patio set's defective design, manufacture, inadequate warnings and failure to conform to representations under KRS §§ 411.320 and 411.340 of the Kentucky Product Liability Act.

90.     The Mainstays six-piece patio set purchased by Plaintiff was not properly constructed, designed, manufactured and/or assembled to withstand normal, foreseeable and intended use of the product. The Mainstays six-piece patio set was dangerous to an extent beyond which would be contemplated by an ordinary and prudent buyer. The Mainstays six-piece patio set is defectively manufactured because the foreseeable risks of failure outweigh the benefits associated with the device.

91.     Plaintiff and members of the proposed class were not aware of the above-described defects at any time prior to the injuries and damages caused to Plaintiff by said product.

24

92. The dangerous and defective aspects of the Mainstays six-piece patio set were the direct and proximate cause of Plaintiff's injuries.

93. To the extent that Defendants are "suppliers" rather than "manufacturers," they are liable as though they were a manufacturer because they altered, modified or failed to maintain the Mainstays six-piece patio set after it came into their possession, or they marketed the Mainstays six-piece patio set under their own label, brand portfolio, or brand name.

94. To the extent that Defendants are "suppliers" rather than "manufacturers," they are liable for their own negligence, which proximately caused Plaintiff's injuries as well as the failure of the Mainstays six-piece patio set to conform to its representations of safety and the appropriate use of the Mainstays six-piece patio set, which proximately cause Plaintiff's injuries.

95. As a direct and proximate result of Defendants' violation of the Kentucky Product Liability Act, Plaintiff suffered injuries, damages and losses as alleged in this Complaint. As such, Plaintiff is entitled to all remedies provided by Kentucky's Product Liability Act, including compensatory damages, treble damages, punitive damages, attorneys' fees and costs of this suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the proposed class pray for relief and judgment against Defendants, as follows:

a. For an order certifying the proposed class, appointing Plaintiff and his counsel to represent the proposed class and notice to the proposed class to be paid by Defendants;

b. For damages suffered by Plaintiff and the proposed class;

c. For restitution to Plaintiff and the proposed class of all monies wrongfully obtained by Defendants;

d. For injunctive relief requiring Defendants to cease and desist from engaging in the unlawful, unfair, and/or deceptive practices alleged in the Complaint;

e. An order awarding declaratory relief, retrospective and prospective injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and injunctive relief to remedy Defendant's past conduct;

f. For Plaintiff's reasonable attorneys' fees, as permitted by law;

g. For Plaintiff's costs incurred;

h. For pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and,

i. For such other and further relief that this Court deems just and proper under equity or law, including the award of punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

Dated: April 12, 2017                                    Respectfully Submitted,

                                                         **JONES WARD PLC**

                                                         _____
                                                         Jasper D. Ward IV
                                                         Alex C. Davis
                                                         Ashton Rose Smith
                                                         The Pointe
                                                         1205 E. Washington St., Suite 111
                                                         Louisville, Kentucky 40206
                                                         Tel. (502) 882-6000
                                                         Fax (502) 587-2007
                                                         jasper@jonesward.com
                                                         alex@jonesward.com
                                                         ashton@jonesward.com
                                                         *Counsel for Plaintiff and the Class*