```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| Jason E. Duckworth, ) | |
| *Individually and on behalf of* ) | |
| *all others similarly situated* ) | |
|     Plaintiff, ) | Civil No. 5:17-cv-174-JMH |
| ) | |
| v. ) | |
| ) | |
| WAL-MART STORES, INC. and ) | |
| WAL-MART STORES EAST, ) | **MEMORANDUM OPINION AND ORDER** |
|     L.P., ) | |
| ) | |
|     Defendants. ) | |

*****

This matter is before the Court on Defendant Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P.'s (hereinafter collectively referred to as, "Wal-Mart") Motion to Deny Class Certification and Strike Class Allegation from the Complaint [DE 11]. Plaintiff has replied and Defendant has responded, and this motion is ripe for review. For the reasons stated herein, the motion will be **GRANTED**.

**I. FACTS**

Plaintiff alleges that he purchased a Mainstays six-piece patio set from Wal-Mart Store #571 in Georgetown, Kentucky sometime in 2014. He claims he assembled the set at his home according to the exact specifications in the instruction manual. Two years later, Plaintiff alleges he was sitting in one of the chairs when the back suddenly broke, trapped his left ring finger, and amputated a portion of that finger as Plaintiff fell to the ground.

Plaintiff claims Wal-Mart knew or should have known that the patio set was defective because Wal-Mart recalled a "nearly identical" card table and chair set in January 2014. [DE 1, Complaint, ¶ 10].

Plaintiff proposes two classes of plaintiffs, the "Kentucky Class" and the "Nationwide Class," each of whom include persons who purchased a Mainstays six-piece patio set from Wal-Mart through its website or in stores from May 2013 to the present." [DE 1, Complaint, ¶ 31]. Plaintiff brings the following causes of action on behalf of the putative class: violation of the Kentucky Consumer Protection Act; violation of other states' consumer protection statutes; violation of the Uniform Deceptive Trade Practices Act in 23 states (which does not include Kentucky); common law negligence; breach of implied warranty of merchantability; and unjust enrichment. Plaintiff individually asserts a common law negligence claim and a claim for violation of the Kentucky Product Liability Act.

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure outlines the requirements for maintaining a class action. Class certification is a two-step inquiry. The putative class must satisfy all four requirements of Rule 23(a) and fit within at least one of the subsections of Rule 23(b). Rule 23(a) includes prerequisites for class certification, including: (1) the class must be so numerous

that joinder of all members is impracticable; (2) there must be questions of law or fact that are common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Rule 23(b) enumerates subcategories of class actions; the putative class must fit within at least one of them. Plaintiff argues this case falls within Rule 23(b)(3), with "questions of law of fact common to class members [which] predominate over any questions affecting only individual members," and furthermore, "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Importantly, "[t]he party seeking the class certification bears the burden of proof." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996)

### III. ANALYSIS

The Court agrees with the defendant that although it is early in this proceeding, the instant motion is not premature because no amount of discovery will alter the basic facts in this case that preclude class certification.

Plaintiff claims he and all members of the putative class were harmed, albeit financially insignificantly, by the sale of a defective patio set. He claims Defendant violated an array of consumer protection laws and common laws in many states, and that

3

his claims are sufficiently representative of the putative class to bring this class action. Plaintiff also brings a claim that he, individually was physically harmed by the defective patio chair and suffered personal injuries. The Court finds that Plaintiff has not satisfied the requirements of Rule 23(a) as set forth below.

Plaintiff essentially claims that Wal-Mart is a big retailer, has a large sales volume, and therefore must have sold a lot of patio sets like the one at issue. In the Court's view this is insufficient to support the numerosity requirement, but it is likely Plaintiff could ascertain the exact number of patio sets sold through discovery. Because Defendant does not contest the numerosity and ascertainability factors of Rule 23(a), the Court will, for the purposes of this motion, accept that Plaintiff has met that factor.

*In re American Medical Systems, Inc.*, 75 F.3d 1069 (6th Cir. 1996) is instructive the commonality factor in Rule 23(a)(2). The complaint in that case alleged strict product liability, negligence, breach of implied and express warranties, fraud, and punitive damages, and sought declaratory judgment for medical monitoring for alleged injuries caused by a medical prostheses. The Sixth Circuit Court of Appeals, in a statement that could be written about this case, stated "Plaintiffs' complaint and class certification motion simply allege in general terms that there are

4

common issues without identifying any particular defect common to all plaintiffs." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080–81 (6th Cir. 1996)(footnotes omitted). In this case, Plaintiff strongly relies on the fact that Wal-Mart recalled a card table and chairs several years before his claimed injury, and submits this as sufficient proof that Wal-Mart deceived consumers by designing, manufacturing, marketing, and selling the allegedly defective patio set, without identifying any particular defect common to all the plaintiffs.

Wal-Mart included photographs in its motion of the patio chair that Plaintiff owned and Plaintiff does not dispute the accuracy of the photographs. Plaintiff, in his Complaint, included a link to the recalled card table set. The patio set and the card table set are not "nearly identical" as Plaintiff claims. In fact, nothing could be further from the truth. The card table set is obviously intended for indoor use while the patio set is obviously intended for outdoor use. The card table and chairs was a "five piece set" but the patio set was a six-piece set. The patio chair seat and back appears to be made from some sort of woven fabric while the chairs in the card table set are described as "four black padded metal folding chairs."[1] Plaintiff does not allege the chairs had the same folding mechanism or were manufactured using

---

[1] *See* https://www.cpsc.gov/Recalls/2014/WalMart-recalls-card-table-and-chair-sets (last visited March 20, 2018).

5

the same materials, or by the same factory, or anything else which might connect these two products. The patio set and the card table set have the following similarities: they were sets which included chairs; those chairs were intended for sitting; those chairs also fold up. A search of walmart.com for "mainstays folding chairs" produces dozens of results; following Plaintiff's logic, Wal-Mart may be liable to all of the consumers who purchase a Mainstays brand chair which has a folding feature.[2]

Plaintiff cannot establish that Rule 23(a)(2)'s commonality requirement is satisfied by the proposed class action. Rule 23(a)(2) requires that there must be "questions of law or fact common to the class" before certification can be granted. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996). The Supreme Court has addressed the commonality requirement in an employment discrimination cases. The Supreme Court discussed that Rule 23 is more than a pleading standard—it demands that the party seeking certification affirmatively demonstrate that there are, in fact, common questions of law or fact. The Court noted that any competently crafted class complaint will raise common questions, but Rule 23(a)(2) demands further proof that the putative class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Importantly, the "same injury"

---

[2] *See* https://www.WalMart.com/search/?query=mainstays%20folding%20chairs&cat_id=0 (last visited March 20, 2018).

6

requirement is not satisfied by merely showing that all putative class members have suffered a violation of the same provision of law. *Id*. In another employment discrimination case the Supreme Court explained the requirements of Rule 23(a):

> Conceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion [or higher pay] on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claim will share common questions of law or fact and that the individual's claim will be typical of the class claims. For a respondent to bridge that gap, he must prove *much more* than the validity of his own claim.

*General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-58 (1982)(emphasis added). As with each of Rule 23(a)'s requirements, "rigorous analysis" of the commonality question is required before a class can be certified.

The Court cannot accept Plaintiff's argument that simply because Wal-Mart recalled a card table set in 2014, Wal-Mart violated numerous state consumer protection and product liability laws by selling the patio set he and all putative class members purchased. As in *Falcon*, above, there is a wide gap between Jason Duckworth's claim that the patio set he purchased was defective and the selling of it deceptive, and his claim that all others who purchased that same patio set were deceived and sold a defective

product. His only support for the latter claim is that Wal-Mart previously recalled an entirely different type of table and chair set, and his own claims are extremely fact specific based on the assembly, storage, and use of the chair in question. This is insufficient to satisfy Rule 23(a)(2).

The Court has determined that the putative class does not meet the prerequisites of Rule 23(a)(2), thus no further inquiry is necessary. Fed. R. Civ. P. 23(b)("A class action may be maintained if Rule 23(a) is satisfied and . . . .").

**IV. CONCLUSION**

For the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant's Motion to Deny Class Certification and Strike Class Allegation from the Complaint [DE 11] is hereby **GRANTED**.

This 21st day of March, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge